IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HENRY GAINES, #113 380            )
                                 )
        Petitioner,               )
                                 )
v.                               ) CIVIL ACTION NO.:  2:11-CV-339-TMH
                                 )              [WO]
LEEPOSEY DANIELS, WARDEN,         )
*et al*.,                         )
        Respondents.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for habeas corpus filed pursuant to § 28 U.S.C. § 2241.  Petitioner is a former state prisoner who was incarcerated at the time he file this petition.  In the instant application for habeas corpus relief, Petitioner challenges the revocation of his parole in 2009. He seeks reinstatement on parole and compensation for his alleged illegal confinement.[1]

Respondents filed an answer to Petitioner' application for habeas relief to which Petitioner filed a response.  Because it is clear from the court file that Petitioner is no longer incarcerated, the court finds that the instant application for habeas corpus relief is due to be dismissed as moot.

---

[1]Petitioner's request for money damages is due to be dismissed as habeas corpus cannot be used to obtain money damages. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("Damages are not an available habeas remedy."); *Preiser v. Rodriquez*, 411 U.S. 475, 494 (1973) (dicta) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").  An action for damages is properly pursued in a civil rights action.

## I. BACKGROUND

In 1997 the Circuit Court for Madison County, Alabama, convicted Petitioner of possession of marijuana I and sentenced him to sixteen years in prison as a habitual offender. The Alabama Board of Pardons and Paroles paroled Petitioner on April 30, 2001. On August 27, 2009, Petitioner's parole officer prepared a report of parole violation charging him with possession of marijuana II and possession of a controlled substance.  A parole revocation proceeding was held on September 17, 2009. Thereafter, the parole hearing officer found that Petitioner had violated the provisions of his parole by committing new offenses.  Based on these findings, the Alabama Board of Pardons and Paroles revoked Petitioner's parole and ordered further parole consideration in  October  2010.  The Circuit Court for Madison County subsequently charged Petitioner with possession of a controlled substance and possession of marijuana II.  Petitioner pled guilty to the controlled substance charge and was sentenced to three years imprisonment to run concurrent with the unexpired term of his 1996 conviction. The trial court nolle prossed the possession of marijuana II charge. (*Doc. No. 11, Attachments 1, 2, 4.*)

Petitioner filed the instant petition asserting that: 1) he was denied due process as set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972), during his 2009 parole revocation proceedings; 2) his parole was revoked based on insufficient evidence; 3) he was arrested and held pending parole without issuance of  a warrant; and 4) the state courts ignored the holding in *Morrissey v. Brewer*, *supra*, upon review of Petitioner's state court challenge to

his 2009 parole revocation proceeding. (*Doc. No. 1*.)

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only available relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *See e.g., National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was

filed." *Id*.

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams,* 455 U.S. 624, 632 (1982). Where a released prisoner can demonstrate that the challenged conviction will cause him to suffer some future collateral consequences, however, a petition is not moot. *Id.; Carafas v. Lavalle,* 391 U.S. 234 (1968). Accordingly, where a petitioner seeks to challenge the validity of his underlying conviction, he can often satisfy the case-or-controversy requirement of Article III of the Constitution by showing that the conviction affects his ability to vote, engage in certain businesses, serve as juror, or hold public office. *Carafas,* 391 U.S. at 237.

While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna,* 523 U.S. 1, 9-14 (1998). *See also Lane,* 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). "Thus, *Spencer* counsels a more cautious approach to the presumption of collateral consequences" requiring a petitioner to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro,* 141 F.3d 1292, 1294 (8th Cir. 1998) (citing *Spencer,* 523 U.S. at 12-14).

In this case, Petitioner is not challenging the underlying validity of a conviction or sentence. Rather, he challenges matters associated with his 2009 parole revocation

proceedings which led to his parole being revoked. Petitioner was subsequently charged in state court with the same offenses which constituted the basis for his parole revocation. He pled guilty to the charges and received a three year sentence to run concurrent with the unexpired term of his 1996 conviction on which he had been paroled in 2001. Petitioner was released from custody upon expiration of this sentence on or about May 26, 2013. (*See Doc. No. 11, Attachments 1-4, Doc. No. 28*) Consequently, Petitioner must either demonstrate that the proceedings about which he complains  will cause (or are still causing) him to suffer some actual, future harm and that a writ of habeas corpus can prevent this harm.  The pleadings, documents, and records before the court fail to show that Petitioner is or  will suffer any collateral consequences from the subject parole revocation proceedings, and as explained, the Court's decision in  *Spencer* militates against a presumption of collateral consequences other than in the context of a criminal conviction.  *See Id*. at 9-14.

Petitioner' ultimate objective in filing this action was his reinstatement on parole. Because Petitioner has been released from custody due to the expiration of his sentence, the court can no longer provide him with the relief he seeks.  Nor has Petitioner  shown that he is suffering any current collateral consequences from the subject parole revocation proceeding or that he  will suffer any collateral consequences in the future. Even if he did so allege, the mere possibility of future consequences is too speculative to give rise to a case or controversy. It is, thus, apparent that Petitioner's challenge to his 2009 parole revocation has been rendered moot by his release from the incarceration.  *See Spencer,* 523 U.S. at 7-8.  *See*

*also Van Zant v. Florida Parole Comm'n,* 104 F.3d 325 (11th Cir. 1997) (inmate not "in custody" for § 2241 purposes once he has been released from incarceration resulting from parole revocation).

Based on the foregoing, the court finds that dismissal of the instant petition as moot is  appropriate as reaching the merits of the arguments presented in this action would serve no purpose in light of  expiration of Petitioner' incarcerative sentence and his release from custody.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The instant 28 U.S.C. § 2241 petition for habeas relief filed by Henry Gaines be DENIED and DISMISSED with prejudice;

2.  Petitioner's request for damages be DISMISSED.

It is further

ORDERED that  **on or before November 14, 2013**, the parties may file an objection to the Recommendation Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a  party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30[h] day of October 2013.

/s /Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE